IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:09CR27 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| DAVID J. HERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 137) and the motion for an evidentiary hearing (Filing No. 140) filed by the Defendant, David J. Hernandez. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

**FACTUAL BACKGROUND**

Hernandez pleaded guilty to Counts I, V, VI, and VII of the Indictment. Count I charged Hernandez with conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine, and Count V charged him with being a felon in possession of a firearm. The remaining counts charged him with criminal forfeiture. The cooperation plea agreement states:

> If the United States does not file a motion to reduce the Defendant's sentence for the Defendant's cooperation, the Defendant waives the Defendant's right to challenge that decision by any means, no matter how entitled, except upon a substantial threshold showing by the Defendant that any such decision was based upon an unconstitutional motive related to the Defendant's race, religion, gender, or national origin, or upon an appropriate showing of a violation of the Defendant's Sixth Amendment Right to Counsel.

(Filing No. 95, ¶ 4.)

Hernandez signed his plea petition under oath, stating: he was satisfied with his attorney's performance and had no objections to his legal representation; a plea might not result in a lower sentence; the sentence was for the judge to decide; he understood the maximum penalties; he was voluntarily pleading guilty; he "hope[d]" to receive a downward departure for substantial assistance; no attorney or agent of the government suggested he would receive a lighter sentence or leniency in exchange for his guilty plea; and he was pleading guilty for no reason other than his guilt.  (Filing No. 94.)  Hernandez's answers given under oath at his change of plea hearing corroborated the answers in his petition.  (Filing No. 100.)  When asked his plea hearing whether anyone made any threats or promises other than those in the plea agreement regarding his decision to plead guilty, Hernandez stated "[n]ot at all."  (Filing No. 100 at 15.)  Hernandez also answered that he understood and waived his right to challenge the manner in which the government obtained evidence against him.  (Filing No. 100 at 25-26.)

Hernandez was sentenced to concurrent terms of 235 months and 120 months imprisonment on Counts I and V, respectively.  Both terms were at the low end of the respective guideline ranges.  Hernandez did not file a direct appeal.

Hernandez timely filed his § 2255 motion, arguing: his attorney was ineffective in "wrongfully" advising him to plead guilty, failing to move to suppress evidence, and in not obtaining a downward departure based on substantial assistance. Hernandez also argues that he was "coerced into providing substantial assistance." (Filing No. 138.)

## DISCUSSION

In order to establish ineffective assistance of counsel, Hernandez must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

I.    **Ineffective Assistance of Counsel**

    A.    **Advice to Plead Guilty**

Hernandez argues that his attorney induced him to plead guilty by stating that he would receive no more than 7 years imprisonment by doing so. However, his statements under oath in his plea petition and at the change of plea hearing do not support his argument. While under oath, Hernandez stated that no one had promised him anything in exchange for his plea other than the promises in his plea agreement, he was voluntarily pleading guilty, and no one had suggested he would receive a lighter sentence in exchange for his guilty plea. He understood the statutory penalties and that the sentence was up to the sentencing judge. Hernandez cannot show either prong of the *Strickland* test, and this claim is denied.

### B.     Failing to File a Motion to Suppress

Hernandez argues that his attorney was ineffective for not filing a motion to suppress. He argues that a search warrant was executed with respect to a "Rodderick [sic]" Stone who he argues was not the owner of the home. Hernandez then argues that law enforcement officers entered into his room and searched items that were not in plain view. He states that because his attorney did not move to suppress the evidence found in his room he "'conceded" the evidence found.

With respect to search, the government's version of the offense included in the PSR states that a cooperating witness ("CW") bought methamphetamine from Rodrik Stone at his home and told law enforcement officers that Hernandez also lived at the residence. Officers obtained a search warrant. When they executed the warrant, officers found most of the incriminating evidence in a bedroom with venue items belonging to Hernandez and a codefendant, Nicole Seaman. Hernandez made an unsolicited statement that "all the stuff in the house was his." (PSR, ¶ 17.) A search of Hernandez's person revealed $1,600. (Filing No. 100 at 29.) Other cooperating witnesses provided information regarding their purchases of methamphetamine from Hernandez. (*Id.*; PSR, ¶ 22.)

Hernandez has not raised any argument indicating that his attorney should have filed a motion to suppress or that, if a motion had been filed, the outcome in his case would likely have been different. Therefore, his argument fails. *See Patterson v. United States,* 133 F.3d 645, 648 (8th Cir. 1998) (defendant did not show prejudice in arguing his attorney did not file a motion to suppress and, therefore, his ineffective assistance of counsel claim was denied). Therefore, he cannot prove either prong of the *Strickland* test with respect to this claim and this claim is denied.

4

### C.  **Downward Departure**

Hernandez argues his attorney was ineffective in not obtaining a downward departure based on substantial assistance. Hernandez's plea agreement, plea petition, and statements at his change of plea hearing clearly show that he knew that the government would decide whether his information constituted substantial assistance, therefore, whether to file a motion for downward departure. Therefore, Hernandez has not met his "substantial threshold" of an "appropriate showing" of a violation of his Sixth Amendment right to counsel and his waiver of his right to challenge the government's decision not to file a motion for downward departure stands. Hernandez cannot satisfy either *Strickland* prong, and this claim fails.

### II.  **"Coerced" Into Providing Substantial Assistance**

Hernandez argues that his attorney as well as the Assistant United States Attorney promised that a motion for downward departure would be filed if he cooperated and, therefore, he was forced to cooperate.

The record does not support Hernandez's argument. The plea agreement, which includes the government's standard language regarding substantial assistance, clearly states that the government would consider information provided before deciding whether to file a motion and that the decision would be made by the government alone. (Filing No. 95, ¶ 4.)  The claim is denied.

### CONCLUSION

It "plainly appears" from the record that Hernandez is not entitled to relief, and therefore his motion is summarily denied.

5

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 137);

2. Upon initial review, the Court summarily dismisses the Defendant's claims raised in the § 2255 motion;

3. A separate Judgment will be issued denying the § 2255 motion;

4. The Defendant's motion for an evidentiary hearing (Filing No. 140) is denied; and

5. The Clerk is directed to mail a copy of this memorandum and order to the Defendant at his last known address.

DATED this 27th day of September, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge